UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
G. SAIF SABREE,                  )
             Plaintiff,          )
                                 ) Civil Action No. 05-10660-WGY
        v.                       )
                                 )
                                 )
JOHN MARSHALL, et al.            )
             Defendants.         )
```

**MEMORANDUM AND ORDER**

For the reasons set forth herein, plaintiff is ordered to show good cause, in writing, within forty-two (42) days, as to why this case should not be dismissed.

**FACTS ALLEGED**

On March 31, 2005, *pro se* plaintiff G. Saif Sabree filed a complaint pursuant to 42 U.S.C. § 1983, asserting claims against a number of state correctional officials and employees. Plaintiff also submitted an application to proceed without prepayment of fees.  Plaintiff is currently a state prisoner at MCI Norfolk.

I.   Allegations In The Present Action

In summary, plaintiff alleges that on about July 3, 1998, prison employees at MCI Cedar Junction performed a strip search on him in a manner that was offensive to his religious beliefs. He further alleges that, for several weeks following the search, he was subjected to various acts of retaliation because he complained about the search.  He specifically alleges that the

-1-

retaliatory behavior involved relocation to a less desirable
cell and unreasonable confinement to his cell.

   Plaintiff also alleges that, around this same time period
in 1998, prison officials (1) conspired to link him to a
sexually explicit letter and picture received by the prison
librarian, and (2) retaliated against him for refusing to be an
informant with respect to the investigation of the letter.  He
alleges that the prison officials' retaliatory behavior included
encouraging another prisoner to assault plaintiff.

II.  Massachusetts State Court Litigation

   According to the Complaint and the exhibits thereto,
plaintiff has already litigated these same claims in two
separate state court actions.  See Complaint, Exhibits M and N.

   A.  Sabree v. Conley

   It appears from documents submitted by plaintiff that the
first state court case involved claims arising from (1) the July
3, 1998 strip search, (2) plaintiff's subsequent filing of a
grievance regarding the search, and (3) alleged retaliatory
conduct therefor, including transfer to a less desirable cell.
See Complaint, Exhibit M.  The Massachusetts Appeals Court
affirmed summary judgment in favor of the defendants in Sabree
v. Conley, 62 Mass.App.Ct. 901 (2004)(rescript).  On December
23, 2004, the Massachusetts Supreme Judicial Court denied

-2-

further appellate review of that action.  <u>See</u> Complaint, Exhibit
M.

     B.   <u>Sabree v. Superintendent, MCI Cedar Junction</u>

     It appears from documents submitted by plaintiff that the
second state court action involved claims arising from (1) the
prison's investigation into the sexually explicit letter and
photograph sent to the librarian, and (2) retaliation for
plaintiff's refusal to act as informant in that investigation,
including the alleged assault by another inmate.  <u>See</u> Complaint,
Exhibit N.  On January 20, 2004, the Massachusetts Appeals Court
upheld the entry of summary judgment in favor of the defendants
in that action, <u>Sabree v. Superintendent, MCI Cedar Junction</u>,
Docket No. 02-P-1033.  <u>See</u> Complaint, Exhibit N.  The
Massachusetts Supreme Judicial Court refused further appellate
review of that decision on September 30, 2004.  <u>See</u> Complaint,
Exhibit N.

III. Allegations In The Present Federal Action Regarding The
     <u>State Court Litigation</u>

     In his present complaint, plaintiff states that this action
"was commenced and administratively exhausted through out the
state court system."  Complaint ¶¶ 13, 67.  He further states
that the state courts "showed prejudice that resulted in a
decision that was contrary to, or involved an unreasonable
application of clearly established federal law" and "resulted in
a decision that was based on a unreasonable determination of the

-3-

facts in light of the evidence presented."  Complaint ¶¶ 13, 67.

## DISCUSSION

I.  Plaintiff's Complaint Is Subject To Preliminary Screening
    Pursuant To 28 U.S.C. § 1915

Plaintiff seeks to proceed in this action without prepayment of the filing fee.  His complaint is therefore subject to the screening provisions of 28 U.S.C. § 1915.  See 28 U.S.C. § 1915 (proceedings in forma pauperis).  Section 1915 authorizes federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of fees, if the action lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint may also be dismissed if it fails to state a claim on which relief may be granted or if it seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

II.  Plaintiff's Complaint Is Subject To Dismissal Because It
     Lacks An Arguable Basis In Fact or Law

Although the Court is mindful that pro se complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiff's complaint is nevertheless subject to dismissal.  See Neitzke, 490 U.S. at 325.  Based on the allegations contained in the complaint, it appears that plaintiff seeks review by this court of the final state court decisions discussed above.  It is well-settled, however, that a

-4-

federal district court has no authority to review the final determinations of a state court.  <u>See</u> <u>Hill v. Town of Conway</u>, 193 F.3d 33, 39 (1st Cir. 1999); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482-86 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts).

Moreover, to the extent that plaintiff is not attempting to appeal the state court decision, but rather intends to assert an entirely new action, I find that his claims are subject to dismissal in any event because they are time-barred.  According to the complaint, the defendants' alleged actions occurred more than seven years ago, and would thus be barred by the three-year statute of limitations period for actions filed pursuant to 42 U.S.C. § 1983 in this court.  <u>Centro Medico del Turabo, Inc. v. Feliciano de Melecio</u>, 406 F.3d 1 (1st Cir. 2005)(applying law of forum state Puerto Rico); <u>Owens v. Okure</u>, 488 U.S. 235, 249-50 (1989)(applying Massachusetts three-year limitations period for torts); M.G.L. ch. 260 § 2A (tort actions) and § 5B (civil rights actions) (2005).

ORDER

Accordingly, it is hereby ORDERED that plaintiff's complaint will be dismissed with prejudice, forty-two (42) days from the date of this Order, unless plaintiff shows good cause before that time, in writing, as to why it should not be

dismissed.

    SO ORDERED.

    Dated at Boston, Massachusetts, this 30th day of November, 2005.


                           /s/ William G. Young
                          UNITED STATES DISTRICT JUDGE